MEMORANDUM DECISION
Appellant, Betty Jean Rose, appeals from a decision of the Franklin County Court of Common Pleas granting the summary judgment motion of appellee, Administrator, Bureau of Workers' Compensation.
Appellant filed a complaint on March 13, 1998, asking the trial court to grant her death benefits from the Bureau of Workers' Compensation. Appellant's husband, who had received permanent partial disability benefits, died on April 18, 1996. Appellee answered, arguing that appellant's claim was barred by the stature of limitations and that appellant failed to exhaust her administrative remedies. Subsequently, appellee filed a motion for summary judgment. Appellant sent the trial court a letter indicating that she was unable to obtain legal representation. The trial court sent appellant notice of her duty to respond to appellee's summary judgment motion and granting her an additional fourteen days to do so. Appellant responded with another letter indicating that she had attempted to contact an attorney through the Columbus Bar Association's lawyer referral service, but the attorney informed her that no attorney would take her case.
On July 6, 1998, the trial court issued a decision granting appellee's summary judgment motion. The trial court found that appellant failed to rebut appellee's assertion that she had not exhausted all of her administrative remedies before filing her complaint with the trial court, thereby depriving the trial court of jurisdiction. Thus, the trial court concluded that therenwas no genuine issue of material fact and that appellee was entitled to judgment as a matter of law. The trial court's decision and entry granting appellee's summary judgment motion was filed on July 7, 1998.
Appellant did not file her notice of appeal with the trial court until May 4, 1999. Appellee filed a motion to dismiss her appeal as untimely under App.R. 4(A). Because appellant's notice of appeal was not filed within thirty days of the entry of judgment as required by App.R. 4(A), this court lacks jurisdiction to consider her appeal. Consequently, appellee's motion to dismiss is granted.
Motion to dismiss granted; Appeal dismissed.
BOWMAN and BRYANT, JJ., concur.
 No. 82 DETERMINATIONS OF COURT RELEASED THURSDAY, NOVEMBER 4, 1999, 12:00 p.m. OPINIONS AND DECISIONS